A. PETER RAUSCH, JR. (SBN 127930)
LAW OFFICES OF A. PETER RAUSCH, JR.
1930 Tienda Drive, Suite 106
Lodi, California 95242
Telephone: (209) 339-8500
Facsimile: (209) 339-8505
Email: counsel@rausch.com

Attorneys for Plaintiff AUROMERE, INC.,
a California Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| AUROMER, INC., a California Corporation | Case No. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADE DRESS** |
| v. | |
| HIMALAYA GLOBAL HOLDINGS, LTD., a Cayman Islands limited liability company; | |
| Defendant. | |

Plaintiff, Auromere, Inc., a California Corporation, through its undersigned attorneys, respectfully submits this Complaint against Defendant, Himalayan Global Holdings, Ltd., a Cayman Islands limited liability company.

## **JURISDICTION**

1.     This is an action for a declaratory judgment pursuant to 28 U.S.C. §2201, for the purpose of determining a question of actual controversy between the parties as more fully appears in this Complaint.

2.     This Complaint seeks a declaratory judgment of non-infringement of trade dress arising under the Lanham Act (15 U.S.C. §§1051 - 1125).

1

Complaint for Declaratory Judgment of Non-Infringement of Trade Dress
Civil Action No.

Law Offices of A. Peter Rausch, Jr.
1930 Tienda Drive, Suite 106, Lodi, CA 95242

Law Offices of A. Peter Rausch, Jr.
1930 Tienda Drive, Suite 106, Lodi, CA 95242

3.      This Court has jurisdiction over the subject matter of this complaint pursuant to 15 U.S.C. §1121 (a), which states in pertinent part that the District Courts have "original jurisdiction . . . of all actions arising under [the Lanham] Act" and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338 (a).

## PARTIES

4.      Plaintiff, Auromere, Inc., is a California Corporation which does business in this judicial district and has a principal place of business located at 2621 W. Highway 12, Lodi, California.

5.      Plaintiff is informed and believes and thereon alleges that Defendant Himalaya Global Holdings, Ltd. ("Himalaya") is a Cayman Islands limited liability company having its registered office at 106 Elizabethan Square, PO Box 1162 Grand Cayman, Cayman Islands and having its principal place of business in Bangalore, India.  Plaintiff is informed and believes and thereon alleges that Himalaya conducts business and sells products in more than 90 countries around the world, including the United States, through a group of wholly-owned subsidiaries or business entities.

6.      Plaintiff is informed and believes that Himalaya's sales in the United States are made or channeled primarily through a wholly owned subsidiary or business entity known as "Himalaya Herbal Healthcare," which conducts business and sells products from an office located at 1101 Gillingham Lane, Sugar Land, Texas, and which maintains an internet website that displays and sells Himalaya products and which displays a copyright notice in the name "Himalaya Herbal Healthcare."

## VENUE AND INTRADISTRICT ASSIGNMENT

7.      Venue is proper in the Eastern District of California, Sacramento Division, under 28 U.S.C. §1391(b)(2) because defendant does business here and sells and distributes the products which are the subject matter of this action in this judicial district, and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

Complaint for Declaratory Judgment of Non-Infringement of Trade Dress
Civil Action No.

Law Offices of A. Peter Rausch, Jr.
1930 Tienda Drive, Suite 106, Lodi, CA 95242

8.      Assignment is appropriate in this Court's Sacramento division because a substantial part of the events or omissions giving rise to these claims occurred in San Joaquin County, California.

## FACTUAL BACKGROUND

9.      Plaintiff Auromere distributes and sells throughout the United States a line of ayurvedic personal care and incense products from India, including soap, toothpaste and hair care products.  Auromere distributes and sells its products through retail stores located within this district as well as through internet websites, including a website maintained by Plaintiff Auromere that sells only Auromere products.

10.      Auromere owns U.S. trademark registration number 2241616 for the mark "auromere" for use on toothpaste, bar soap for skin, mud bath powder, massage oils, and incense.

11.      Each of Auromere's personal care and incense products bears its registered trademark prominently displayed in large type on the product packaging. Auromere packages some of its soap, hair care and incense products in corrugated fiberboard cartons covered in large part by a paper label or sleeve that prominently displays the registered trademark "auromere®" in large type, as well as other information that identifies Auromere as the source of its products.

12.      Plaintiff is informed and believes and thereon alleges that Himalaya distributes and sells throughout the United States a line of healthcare and personal care products, including soap, toothpaste and hair care products. Himalaya distributes and sells its products through retail stores located within this district as well as through internet websites, including a website maintained under the name "Himalaya Herbal Healthcare" that sells only Himalaya products. According to the website maintained by Himalaya Herbal Healthcare, Himalaya's products are sold in at least thirty-three (33) retail stores located within fifty (50) miles of Sacramento, California, including eight (8) Nugget Market Stores, five (5) Whole Foods Markets, four (4) Sprouts Farmers Markets and three (3) Elliot's Fine Nutrition Stores.

Complaint for Declaratory Judgment of Non-Infringement of Trade Dress
Civil Action No.

Law Offices of A. Peter Rausch, Jr.
1930 Tienda Drive, Suite 106, Lodi, CA 95242

13.     Himalaya has purposefully availed itself of the benefits and protections of this forum by placing in interstate commerce goods that it expected would be sold and used in California, including goods bearing the trade dress that is in dispute in this case.

14.     Plaintiff is informed and believes and thereon alleges that Himlaya owns, among other marks, trademark registration number 4283947 for the mark "Botanique by Himalaya Herbal Healthcare" for use on cosmetic preparations for slimming purposes and not for medical purposes; sun tanning lotions for cosmetic purposes; creams for cosmetics purposes for the skin; creams for cosmetics purposes for the hair; creams for cosmetic purposes for the face; non medicated foot cream, facial washes, hand and body lotions, essential oils, soaps, shampoos, hair conditioners, hair lotions, facial scrubs, dentifrices, toothpaste, non-medicated lip care preparations, massage oils, bath powder, body wash, deodorants for personal use.

15.     Plaintiff is informed and believes and thereon alleges that Himlaya owns, among other marks,  trademark registration number 4664095 for the mark "Himalaya Botanique" for use on cosmetic preparations for slimming purposes and not for medical purposes; sun tanning lotions for cosmetic purposes; creams for cosmetics purposes for the skin; creams for cosmetics purposes for the hair; creams for cosmetic purposes for the face; non medicated foot cream, facial washes, hand and body lotions, essential oils, soaps, shampoos, hair conditioners, hair lotions, facial scrubs, dentifrices, toothpaste, non-medicated lip care preparations, massage oils, bath powder, body wash, deodorants for personal use.

16.     Plaintiff is informed and believes and thereon alleges that Himalaya packages some of its soap products in corrugated fiberboard cartons covered in large part by a paper label or sleeve that displays the registered trademark "Botanique by Himalaya Herbal Healthcare ®"as well as other information identifying Himalaya as the source of its products.

17.     Plaintiff is informed and believes and thereon alleges that Himalaya packages some of its toothpaste products in corrugated fiberboard cartons covered in large part by a paper label or sleeve that displays the registered trademark "Himalaya Botanique ®" as well as other information identifying Himalaya as the source of its products.

Complaint for Declaratory Judgment of Non-Infringement of Trade Dress
Civil Action No.

Law Offices of A. Peter Rausch, Jr.
1930 Tienda Drive, Suite 106, Lodi, CA 95242

## THE EXISTENCE OF AN ACTUAL CONTROVERSY

18.     An actual controversy exists between Plaintiff and Defendant relating to Plaintiff's use of corrugated fiberboard packaging for its soap products.  Evidence of the existence of an actual controversy includes the following.

19.     On or about October 4, 2016, counsel for Himalaya sent to Plaintiff Auromere a cease and desist demand letter in which Defendant Himalaya claims that Auromere's use of corrugated cardboard packaging infringes Himalaya's alleged trade dress rights in its "unique and distinctive corrugated cardboard product packaging."  Himalaya's letter asserts that Plaintiff Auromere has "blatantly cop[ied] unique and distinctive corrugated cardboard product packaging used by Himalaya," and that "Auromere is attempting to confuse the public and unlawfully trade on Himalaya's goodwill."  Himalaya's letter demanded that Auromere respond within 15 days "to provide us with a written confirmation that Auromere will discontinue its use of the corrugated cardboard packaging in order to adequately differentiate the products sold by Auromere from those sold by Himalaya."  The letter also included, in bold type, the following statement: **"Additionally, under federal law, any person given notice of a potential lawsuit is forbidden to destroy, move, or hide evidence in their possession or control. Such conduct could result in a court finding of contempt or a damage award."**

20.     Given the threat of legal action contained in Himalaya's cease and desist demand, Plaintiff Auromere has a real and reasonable apprehension that Himalaya may bring a baseless action against it in an attempt to disrupt Plaintiff Auromere's business operations. Were that to happen, the injury to Plaintiff Auromere would be substantial.  Consequently, Plaintiff Auromere requests that this court make an orderly determination of Plaintiff's and Defendant's respective rights.

## COUNT I

## DECLARATORY JUDGMENT - NONINFRINGEMENT OF TRADE DRESS

21.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 20 above as though fully set forth herein.

Law Offices of A. Peter Rausch, Jr.
1930 Tienda Drive, Suite 106, Lodi, CA 95242

22.     As set forth above, Himalaya claims that it owns the exclusive right to use its allegedly unique corrugated cardboard packaging for soap products, and that the corrugated cardboard packaging used by Auromere infringes Himalaya's allegedly exclusive rights and is likely to cause confusion among consumers.  For the reasons set forth herein, Auromere contends that Himalaya does not own any trade dress rights in the corrugated cardboard packaging used for its soap and toothpaste products because such packaging is functional, because such packaging is not inherently distinctive, and has not acquired secondary meaning, and because the packaging used by Auromere is not likely to cause confusion or mistake among consumers.  In particular:

23.     The trade dress design claimed by Himalaya is not registered on the principal register of the United States Patent and Trademark Office.  Pursuant to Section 43 of the Lanham Act (15 U.S.C. §1125 (a)(3)), with respect to an unregistered trade dress, "the person who asserts trade dress protection has the burden of proving that the matter sought to be protected is not functional."

24.      A trade dress design is functional if it serves any purpose or provides any benefit other than source identification.

25.     Plaintiff is informed and believes and thereon alleges that corrugated fiberboard has been in use as protective packaging since approximately 1871, and it provides well known functional advantages over other packaging material, including cushioning, insulation, and strength.  Moreover, the packaging used by both Auromere and Himalaya does not consist solely of an unadorned corrugated cardboard carton.  Instead, both companies cover the cardboard carton, in large part, with a multi colored label or sleeve that identifies the product and the source.  Neither company seeks to use the protective corrugated cardboard packaging for the purpose of "source identification."  Instead, the label or sleeve, which contains the seller's registered trademark, performs the function of source identification.

Complaint for Declaratory Judgment of Non-Infringement of Trade Dress
Civil Action No.

Law Offices of A. Peter Rausch, Jr.
1930 Tienda Drive, Suite 106, Lodi, CA 95242

26.     Plaintiff contends that, because the corrugated cardboard packaging is not used for source identification, it is functional and that defendant Himalaya may not claim any exclusive trade dress rights in such packaging.

27.     In addition to establishing that the claimed trade dress is not functional, Himalaya must also demonstrate that the claimed trade dress is inherently distinctive or that it has acquired secondary meaning, i.e., that it has come through use to be uniquely associated in the minds of the public with a specific source.

28.     Plaintiff contends that corrugated cardboard packaging is not inherently distinctive, nor is the corrugated cardboard packaging design used by Himalaya uniquely associated with Himalaya as a source of soap products.

29.     Finally, Himalaya may not assert a trade dress infringement claim unless Auromere's packaging is "likely to cause confusion, or to cause mistake, or to deceive" customers as to the source of its products.

30.     Plaintiff contends that Auromere's packaging is not likely to cause confusion.  On all of the Auromere soaps, hair products and incense that use corrugated fiberboard cartons, the registered trademark "auromère®" is prominently displayed on a sleeve that covers nearly the entire cardboard package.  On the Himalaya soap, the registered trademark "Botanique by Himalaya Herbal Healthcare ®" is displayed on the sleeve or label that covers the corrugated cardboard package.

31.     Accordingly, Plaintiff Auromere requests a declaratory judgment that the elements of package design claimed by Himalaya are functional; that they are not inherently distinctive or associated in the minds of the public with Himalaya as a source; and that the corrugated cardboard packaging used by Plaintiff Auromere does not infringe any trade dress rights owned by Himalaya and is not likely to cause confusion or mistake as to origin, sponsorship or approval of Auromere's goods.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for Plaintiff and that this Court:

Complaint for Declaratory Judgment of Non-Infringement of Trade Dress
Civil Action No.

    a.     Enter a declaratory judgment that:

        1.     The elements of package design claimed by Himalaya as trade dress are functional and are not entitled to protection as trade dress;

        2.     The corrugated cardboard package used by Himalaya and claimed as trade dress is not inherently distinctive nor is its primary significance in the minds of the public to identify Himalaya as a source;

        3.     The packaging used by Auromere is not likely to cause confusion or mistake as to origin, sponsorship or approval of Auromere's goods; and

    b.     Grant such other and further relief as the court may deem just and proper.

Dated: December 21st, 2016               LAW OFFICES OF A. PETER RAUSCH, JR.

By: /s/ A. Peter Rausch, Jr.
A. Peter Rausch, Jr.
Attorneys for Plaintiff,
AUROMERE, INC.,
a California Corporation